793 F.2d 1290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JANICE A. BROOKS, Plaintiff-Appellant,
v.
U.S. POSTAL SERVICE, Defendant-Appellee.
 85-3116
 United States Court of Appeals, Sixth Circuit.
 5/13/86
 
 1
 Before: KENNEDY and MILBURN, Circuit Judges; JOINER, Senior District Judge.*
 
 
 2
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In this action pursued chiefly under 42 U.S.C. Sec. 2000e, plaintiff seeks relief for allegations of race, sex, and physical handicap discrimination in employment. The district court granted summary judgment for defendant on all claims and plaintiff has appealed. We affirm the district court's dismissal of any 42 U.S.C. Sec. 1983 claim. We vacate the dismissal of the Sec. 2000e claims and remand those claims for further proceedings.
 
 
 4
 Defendant has confessed error with regard to the dismissal of the race and sex discrimination claims based upon plaintiff's first Equal Employment Opportunity Commission claim filed November 12, 1978. Defendant concedes that this complaint is still pending before the agency and has been for more than 180 days. Thus plaintiff's district court action regarding this charge is timely.
 
 
 5
 The government argues that the failure to file suit within 30 days of notice of final agency action on plaintiff's second Equal Employment Opportunity Commission complaint (filed August 1, 1979), bars her handicap discrimination claim. Plaintiff responds that she appealed that denial within the 30 days to the Equal Employment Opportunity Commission [Commission] and that she is entitled to file suit 30 days after the Commission's decision or if it had not acted on her appeal, she could file suit within 180 days after the filing of the appeal. Defendant does not deny that if plaintiff has appealed to the Commission, as she claims, that this action was timely filed. Rather defendant asserts that this issue was not raised in the district court. A photocopy document appended to plaintiff's appellate brief would appear to support her assertion that she had filed an appeal to the Commission. While we are cognizant of the rule that an issue or argument is usually waived on appeal if not specifically presented in the trial court, it appears that plaintiff did raise this issue in the district court. In 'Plaintiff's Motion in Response to Defendant's Response or Reply in Support of its Motion to Dismiss or in the Alternative for Summary Judgment and Plaintiff's Motion for Judgment Against Defendant' (filed October 29, 1984), plaintiff did state: 'Plaintiff has not received a final agency decision on the discrimination matters existing in this case based on race and sex and [sic] no final agency decision from the Commission based on Handicap Discrimination.' Although plaintiff, acting pro se, did not fully explain to the district court that she had an appeal pending before the Commission on the handicap action, she did make that assertion and it was not specifically denied by defendant. Thus there was an issue of fact as to whether there was an appeal still pending before the Commission.
 
 
 6
 It is ORDERED that the judgment of the district court is affirmed insofar as it dismisses claims based upon 42 U.S.C. Sec. 1983 and it is ORDERED that the judgment of the district court is reversed insofar as it relates to plaintiff's Sec. 2000e claims and the action remanded for further proceedings with regard to those claims.
 
 
 
 *
 Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan